IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON C. BERTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-00077-JPG |
| | ) | |
| ROBERT BLANKENSHIP, | ) | |
| RANDY YOUNG, | ) | |
| and DAVID JOSEPH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Aaron C. Berta, a pretrial detainee at Madison County Jail ("Jail"), brings this civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). According to the Complaint, Plaintiff has been denied adequate dental care for impacted wisdom teeth, cavities, and associated pain during his detention at the Jail. (Doc. 1, pp. 1-19). He seeks compensatory damages and resolution of his "dental issues." (Doc. 1, p. 20).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives preliminary review under this standard.

### The Complaint

According to the Complaint, Plaintiff was arrested and detained in Madison County Jail on March 23, 2016. (Doc. 1, p. 5). He submitted several requests for dental care. *Id*. In each, Plaintiff complained of "wisdom teeth [that were] coming in and causing severe discomfort, infection, and cav[i]ties to form in [his] back molars." *Id*. Plaintiff's requests for dental treatment were allegedly denied because the Jail had no qualified medical personnel to provide him with appropriate care. *Id*.

Along with the Complaint, Plaintiff submitted written documentation of his efforts to obtain dental treatment before filing suit. (Doc. 1, pp. 6-19). On September 15, 2016, he submitted a sick call slip requesting assistance "immediately" for "problems" associated with a wisdom tooth that was "coming in." (Doc. 1, p. 18).

On October 15, 2016, Plaintiff addressed a grievance to Captain Joseph. (Doc. 1, pp. 15, 17). In it, Plaintiff explained that he put in several sick call requests to address pain, infection, and cavities associated with his wisdom teeth. *Id*. However, his requests for treatment were

ignored or denied. *Id*. He also complained of untreated pain, stating that he is allergic to nonsteroidal anti-inflammatory drugs (NSAIDs) and cannot take Tylenol because of Hepatitis C. *Id*. No other pain medications were made available. *Id*.

Captain Joseph denied the grievance on October 18, 2016. (Doc. 1, p. 15). The captain explained that the Jail's dentist cannot pull impacted wisdom teeth. *Id*. They must be extracted by an oral surgeon. *Id*. However, NSAIDs are available to Plaintiff for his pain. *Id*. In fact, the captain pointed out that Plaintiff had taken Motrin for knee pain twice daily for five days in May 2016. *Id*.

Captain Bost upheld this decision on appeal on October 24, 2016. (Doc. 1, pp. 14, 16). He explained that the Jail was only required to provide emergency dental care. *Id*. Jail officials were in the process of setting up an appointment for Plaintiff with a dentist. *Id*. The dentist or a physician, not a pretrial detainee, would then determine whether emergency treatment was necessary. *Id*.

On October 27, 2016, Plaintiff submitted another sick call slip. (Doc. 1, p. 19). In it, he simply stated, "Teeth Hurt. Extreme Pain. Antibiotics I'm on made it worse." *Id*. The same slip contains handwritten notes of a "Dr. / Nurse" from October 28, 2016. *Id*. The notes indicate "0 redness 0 swelling in mouth. 0 change in dental." *Id*.

A letter from Doctor Andrew English dated November 17, 2016, is also included as an exhibit to the Complaint. (Doc. 1, p. 11). The letter indicates that Plaintiff "presented to our office on 11/8/16 with a lot of pain on 3rd molars." *Id*. A panoramic x-ray revealed that his lower third molars are impacted, and "he would need to see an oral surgeon to have them removed." *Id*. Doctor English goes on to state, "Both of these teeth (17 and 32) have the potential to eventually be problematic." *Id*. However, a determination of whether they require

immediate removal depends on whether the teeth "[a]re actively trying to exfoliate" and whether there is an underlying infection. *Id*. According to the dentist, Plaintiff's pain is an indication of both. *Id*.

Plaintiff also included a grievance to Captain Joseph on January 3, 2017, and Superintendent Young on January 6, 2017. (Doc. 1, pp. 6, 9). In them, he complained of a continued denial of dental care for his impacted wisdom teeth, cavities, and pain. *Id*. In his letter to Superintendent Young, Plaintiff explained that the dentist removed a single wisdom tooth, but it was not one of the teeth that was causing his problems. (Doc. 1, p. 6). Plaintiff allegedly informed the Jail's medical staff of this as soon as he returned from the dentist and complained of persistent pain. *Id*. However, his request for further treatment was denied. *Id*. The Jail's medical staff indicated that Plaintiff's impacted wisdom teeth could only be addressed by an oral surgeon. *Id*.

On January 6, 2017, Captain Joseph denied both grievances, after noting that Plaintiff had not complained about his teeth or continued dental pain in any of the 13 sick call slips[1] that he submitted to the Jail's medical staff after meeting with the dentist on November 8, 2016. (Doc. 1, pp. 8, 13). Superintendent Young denied Plaintiff's appeal on January 13, 2017. (Doc. 1, p. 10). This suit followed.

Plaintiff now names three defendants in connection with Plaintiff's claim for the denial of adequate dental care at the Jail: Robert Blankenship (Jail doctor), Randy Young (Jail superintendent), and David Joseph (Jail captain). He seeks compensatory damages against them. (Doc. 1, p. 20). Plaintiff also requests dental treatment that is aimed at resolving his "dental issues." *Id*.

---

[1] None of these sick call slips were included with the Complaint. For this reason, it is not clear what medical needs any of the slips addressed or whether the requests for treatment were directly or indirectly related to Plaintiff's dental condition.

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following count:

> **Count 1 -** Fourteenth Amendment claim against Doctor Blankenship, Superintendent Young, and Captain Joseph for denying Plaintiff adequate dental care for his impacted wisdom teeth, cavities, infection, and associated pain during his pretrial detention at the Jail in 2016-17.

According to the Complaint and accompanying exhibits, Plaintiff was a pretrial detainee when his claims arose at the Jail. (Doc. 1). The Due Process Clause of the Fourteenth Amendment governs the claims of pretrial detainees. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citations omitted)). Although a convicted prisoner is entitled to freedom from "cruel and unusual punishment" under the Eighth Amendment, a pretrial detainee is entitled to be free from "punishment" under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

With that said, there is little practical difference between the standards that apply to pretrial detainees and the standards applicable to convicted prisoners for claims of inadequate medical care. In this context, Fourteenth Amendment claims are "appropriately analyzed under the Eighth Amendment." *Dart*, 803 F.3d at 310 (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."). The Court will therefore consider Plaintiff's claim in light of the standards applicable to comparable Eighth Amendment claims.

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII. The Eighth Amendment safeguards prisoners against a lack of medical care that may result in pain and suffering that serves no penological purpose. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). To state a claim, a prisoner must show that (1) his medical need was sufficiently serious (an objective standard), and (2) state officials acted with deliberate indifference to the prisoner's health or safety (a subjective standard). *Farmer*, 511 U.S. at 834; *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The dental issues and pain that Plaintiff describes in the Complaint are sufficiently serious to satisfy the objective component of this claim for screening purposes. The Seventh Circuit has made it clear that "dental care is one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). Examples of "objectively serious" dental needs include situations in which the failure to treat a dental condition causes the inmate to suffer other health problems, such as extreme pain, bleeding, infection, or problems eating. *Id.* at 593 (citations omitted). Plaintiff's allegations describe just that. When Plaintiff's impacted wisdom teeth were not properly addressed, he allegedly suffered from infection and pain that also went untreated. The objective component of this claim is satisfied for screening purposes.

With regard to the subjective component of this claim, the Complaint must "demonstrate that prison officials acted with deliberate indifference. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Prison officials exhibit deliberate indifference when they "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious

6

harm exists'" and by "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Negligence, or even gross negligence, does not support a deliberate indifference claim. *Id*.

Count 1 does not survive preliminary review against Doctor Blankenship. Although Plaintiff names this individual as a defendant in his Complaint, he does not mention Doctor Blankenship in the statement of his claim. (Doc. 1, p. 5). Plaintiff also fails to mention him in any of the exhibits to his Complaint. (Doc. 1, pp. 6-19). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper*, 430 F.3d at 810 (citations omitted). Because Plaintiff sets forth no allegations against Doctor Blankenship and includes no exhibits that describe his role in this matter, the claim cannot proceed against this defendant. Count 1 shall be dismissed without prejudice against Doctor Blankenship.

Count 1 shall receive further review against Captain Joseph and Superintendent Young. Both defendants received multiple grievances from Plaintiff complaining of pain and infection associated with his impacted wisdom teeth. They denied his grievances based largely on the fact that he was seen by a dentist. However, the fact that Plaintiff received some care from a dentist does not defeat his claim of deliberate indifference against them. *Perez*, 792 F.3d at 777 (citing

*Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) ("receipt of some medical care does not automatically defeat a claim of deliberate indifference")). This is particularly true where the plaintiff continues complaining of untreated pain and infection after receiving outside treatment. An official "who is aware of complaints of pain and does nothing to help a suffering prisoner obtain treatment is . . . exhibiting deliberate indifference." *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015). When construing the allegations in the Complaint liberally in favor of Plaintiff, as the Court is required to do at this stage, the Court finds that the allegations support a claim against Captain Joseph and Superintendent Young.

Accordingly, Count 1 shall receive further review against Captain Joseph and Superintendent Young. However, this claim shall be dismissed without prejudice against Doctor Blankenship for failure to state a claim upon which relief may be granted.

### Interim Relief

In his Complaint, Plaintiff did not request a temporary restraining order ("TRO") or a preliminary injunction pursuant to Rule 65(a) and (b) of the Federal Rules of Civil Procedure. He did not file a separate motion seeking this relief. He only asked that his dental issues be resolved. Should any sort of emergency relief become necessary during the pending action, Plaintiff may file a separate Motion for TRO and/or Preliminary Injunction that is consistent with the requirements set forth under Rule 65(a) or (b).

### Pending Motion

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against

Defendants **RANDY YOUNG** and **DAVID JOSEPH**. However, **COUNT 1** is **DISMISSED** without prejudice against Defendant **ROBERT BLANKENSHIP** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **ROBERT BLANKENSHIP** is **DISMISSED** without prejudice from this action.

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendants **RANDY YOUNG** and **DAVID JOSEPH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 22, 2017**

*s/J. Phil Gilbert*
United States District Judge
